FILED

AUG 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>MICHAEL GEORGE FITZPATRICK,<br><br>　　　　Defendant - Appellant. | No. 13-30154<br><br>D.C. No. 10-CR-89-LAB<br>District of Idaho,<br>Boise<br><br>REPORT AND<br>RECOMMENDATION |

Before: Peter L. Shaw, Appellate Commissioner

I
Background

In the district court, Michael George Fitzpatrick was granted leave to proceed in forma pauperis and to represent himself with standby counsel, Assistant Federal Public Defender Colin George. Fitzpatrick, who operated foreign and domestic companies to market and sell debt relief products, was convicted after a six-day jury trial of two counts each of tax evasion and failure to file a corporate tax return, in violation of 26 U.S.C. §§ 7201 and 7203. Fitzpatrick was sentenced to 42 months in prison on each of the tax evasion counts and 12 months in prison on each of the tax return counts, to be served concurrently, along with 36 months

of supervised release.  Fitzpatrick was ordered to pay a $250 assessment and $1,397,762 in restitution.

Fitzpatrick filed a pro se notice of appeal and requested leave to represent himself on appeal.  Fitzpatrick's request for self-representation was referred to the Appellate Commissioner, pursuant to Ninth Circuit General Order 6.3(e), which authorizes the Appellate Commissioner to confirm that an appellant's request for self-representation and waiver of the right to counsel is knowing, intelligent, and unequivocal.  *See Hendricks v. Zenon*, 993 F.2d 664, 669 (9th Cir. 1993).

II
Analysis

The United States Supreme Court held in *Martinez v. Court of Appeal*, 528 U.S. 152 (2000), that there is no constitutional right to self-representation on appeal, but left this court with the discretion to allow self-representation in appropriate cases.  *Id.* at 163.  This discretion is exercised with attention to the court's strong interests in ensuring the integrity of the judicial process and in avoiding the undue burden that may be imposed by a pro se litigant.  *Id.* at 162.  Accordingly, the court will permit defendants in direct criminal appeals to represent themselves if: (1) the defendant's request for self-representation and waiver of the right to counsel are knowing, intelligent, and unequivocal; (2) the

defendant is apprised of the dangers and disadvantages of self-representation on appeal; and (3) self-representation would not undermine a just and orderly resolution of the appeal. *See* 9th Cir. R. 4-1(d).

Even if the district court has determined that a defendant is competent to represent himself, the court of appeals makes an independent determination regarding whether an appellant in a criminal appeal should be permitted to represent himself on appeal. *See id.*; 9th Cir. Gen. Order 6.3(c).

A review of the district court record and court of appeals docket, including Fitzpatrick's pro se "addendum items of appeal objections to sentence" and "amended appeal additions," suggest that this is not an appropriate case in which to exercise the court's discretion to permit self-representation. Here, self-representation could burden the court and the government, as well as undermine the just and orderly resolution of the appeal. *See Martinez*, 528 U.S. at 163; 9th Cir. R. 4-1(d). In this appeal, the court's interest in the fair and efficient administration of justice outweighs Fitzpatrick's interest in self-representation. *See Martinez*, 528 U.S. at 162.

According to the government's pre-sentencing memorandum, Fitzpatrick "subscribes to the notion that the federal government does not have the authority to tax its citizens and that the federal income tax is illegal," and Fitzpatrick admitted

working for a company that sold abusive tax schemes. Fitzpatrick's pro se submissions are signed "sui juris, of the clan of Fitzpatrick" and allege that the district court lacked jurisdiction over his case. Fitzpatrick also states that he does not consent to government policies. In the district court, Fitzpatrick filed a number of frivolous pro se motions and repeatedly was cautioned for asking improper questions.

The court would benefit from having experienced counsel George represent Fitzpatrick on appeal. *See United States v. Gillis*, 773 F.2d 549, 560 (4th Cir. 1985). George will be able to communicate effectively with the court, the government, and Fitzpatrick; to obtain, review, and analyze the trial transcript; and to identify, research, and brief the strongest legal issues presented by Fitzpatrick's appeal. *See Smith v. Murray*, 477 U.S. 527, 536 (1986).

### III
### Conclusion

The court should deny Fitzpatrick's request for leave to represent himself on appeal, and prohibit requests by Fitzpatrick for reconsideration of its order. The court should change its docket to show that Assistant Federal Public Defender George represents Fitzpatrick on appeal. The court should set a new briefing schedule for the appeal.